UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
NOV 14 2023
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CAUSE NO. 1:23-cr-0053-JMS-MJD |
| | ) | |
| BRUCE A. WILLIAMS, | ) | -01 |
| ZACKARY DOSS, | ) | -02 |
| a/k/a Zachary Doss, | ) | |
| KEVIN JONES, JR., | ) | -03 |
| RYAN HURT, | ) | -04 |
| ANTONIO GRANT, | ) | -05 |
| DOMINIQUE ELLISON, and | ) | -06 |
| MALYK MENDEZ, | ) | -07 |
| Defendants. | ) | |

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges that:

### Background

At times relevant to all Counts of this Indictment:

### Relevant Entities and Individuals

1.  VICTIM BUSINESS 1. VICTIM BUSINESS 1 is a business engaged in interstate shipping. As part of its infrastructure, VICTIM BUSINESS 1 has terminals where multiple shipments of cargo are sent. Once arriving at a terminal, cargo is offloaded from its arrival truck/trailer and at a later time is placed onto other trucks/trailers where it is shipped to its final destination or another terminal. One of VICTIM BUSINESS 1's terminals is in Indianapolis, Indiana, within the Southern District of Indiana.

2. BRUCE A. WILLIAMS ("WILLIAMS"). At all relevant times, WILLIAMS was a resident of the State of Indiana and an employee of VICTIM BUSINESS 1 at its Indianapolis, Indiana terminal.

3. RYAN HURT ("HURT"). At all relevant times, HURT was a resident of the State of Indiana and an employee of VICTIM BUSINESS 1 at its Indianapolis, Indiana terminal.

4. Individual B. At all relevant times, Individual B was a resident of the State of Indiana and an employee of VICTIM BUSINESS 1 at its Indianapolis, Indiana terminal. Individual B was an acquaintance of ZACKARY DOSS.

5. ZACKARY DOSS ("DOSS"). At all relevant times, DOSS was a resident of the State of Indiana and an acquaintance of Individual B and KEVIN JONES, JR.

6. KEVIN JONES, JR ("JONES"). At all relevant times, JONES was a resident of the State of Indiana and an acquaintance of DOSS.

7. ANTONIO GRANT ("GRANT"). At all relevant times, GRANT was a resident of the State of Indiana and an acquaintance of WILLIAMS.

8. DOMINIQUE ELLISON ("ELLISON"). At all relevant times, ELLISON was a resident of the State of Indiana and an acquaintance of WILLIAMS.

9. MALYK MENDEZ ("MENDEZ"). At all relevant times, MENDEZ was a resident of the State of Indiana and an acquaintance of WILLIAMS.

**COUNT 1**
Conspiracy to Receive, Possess, Store, or Sell Stolen Firearms
18 U.S.C. §§ 922(j) and 371

10. Paragraphs 1 through 9 of this Indictment are incorporated by reference as though set forth fully herein.

11. Beginning on a date and time unknown, but from at least on or about January

2022, continuing up to and including April 19, 2023, in the Southern District of Indiana, Indianapolis Division, and elsewhere, WILLIAMS, HURT, DOSS, JONES, GRANT, and MENDEZ, defendants herein, did knowingly conspire together and with other persons, known and unknown to the Grand Jury, to knowingly possess and/or receive and/or store and/or sell one or more stolen firearms which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen in violation of Title 18, United States Code, Sections 922(j).

**Objects of the Conspiracy**

9. The charged conspiracy had the following objects:

   A. To steal firearms being shipped and transported through the Indianapolis, Indiana terminal of VICTIM BUSINESS 1.

   B. To receive and possess stolen firearms.

   C. To sell stolen firearms for money and other things of value.

**Manner and Means of the Conspiracy**

10. It was part of the conspiracy that WILLIAMS, HURT, and others known and unknown to the Grand Jury, would locate firearms being shipped through the Indianapolis, Indiana terminal of VICTIM BUSINESS 1. These firearms were being shipped and transported in interstate commerce.

11. WILLIAMS, HURT, and others known and unknown to the Grand Jury, would then steal firearms that had been shipped through VICTIM BUSINESS 1.

12. WILLIAMS, HURT, and others known and unknown to the Grand Jury, would then arrange to sell the stolen firearms.

13. HURT would contact Individual B for the purpose of having Individual B assist in selling the stolen firearms. HURT would provide Individual B with the stolen firearms to sell. HURT would also keep some of the stolen firearms for his personal possession and use.

14. Individual B would contact DOSS. DOSS would coordinate the purchase of the stolen firearms from Individual B. Individual B would then split the proceeds of these sales with HURT.

15. DOSS would contact JONES to discuss which make, model, and quantity of stolen firearms they wanted to purchase, and for what price.

16. DOSS and JONES would purchase stolen firearms from Individual B.

17. DOSS and JONES would sell the stolen firearms to other individuals.

18. WILLIAMS would contact GRANT for the purpose of having GRANT assist in selling the stolen firearms.

19. GRANT would offer the stolen firearms to other individuals on behalf of WILLIAMS and arrange for the sale of the firearms with interested individuals.

20. WILLIAMS would contact MENDEZ for the purpose of having MENDEZ assist in selling the stolen firearms.

21. MENDEZ would offer the stolen firearms to other individuals on behalf of WILLIAMS and arrange for the sale of the firearms with interested individuals.

### Overt Acts

22. In furtherance of the conspiracy, and to affect the objects of it, the defendants did commit the following overt acts, among others:

23. On or about March 2, 2022, DOSS and JONES purchased two stolen Taurus revolvers and a stolen Armscor of the Philippines 1911 9mm pistol.

24. On or about March 5, 2022, JONES sold stolen Taurus revolvers and a stolen Rock Island 10mm pistol.

25. On or about March 9, 2022, WILLIAMS possessed a stolen Sig Sauer pistol.

26. On or about March 26, 2022, WILLIAMS possessed a stolen FN pistol.

27. On or about May 24, 2022, WILLIAMS possessed a stolen Taurus revolver.

28. On or about April 19, 2023, HURT possessed a stolen Kahr Arms Auto Ordnance 1911 .45 caliber pistol and a Heritage Manufacturing Inc. .22 caliber revolver.

29. On or about March 4, 2022, GRANT assisted WILLIAMS in the sale of stolen Rock Island firearms.

30. On or about March 9, 2022, MENDEZ arranged for WILLIAMS to sell stolen firearm(s) to another individual.

31. On or about March 26, 2022, MENDEZ offered 62 stolen FN handguns for sale to another individual on behalf of WILLIAMS.

All of which is in violation of Title 18, United States Code, Sections 922(j) and Section 371.

## COUNT 2

Possession of Firearms by a Felon
18 U.S.C. § 922(g)(1)

On or about March 9, 2022, in the Southern District of Indiana, the defendant, BRUCE A. WILLIAMS, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

    a. Felony Criminal Recklessness in Marion County, Indiana, cause 49G20-1308-FD-052063, on or about July 7, 2014; and/or

    b. Felony Dealing in a Narcotic Drug in Marion County, Indiana, cause 49G21-1509-F2-032321, on or about July 19, 2018; and/or

    c. Felony Resisting Law Enforcement in Marion County, Indiana, cause 49G21-1701-F5-003234, on or about July 19, 2018;

did knowingly possess a firearm, that is, a Sig Sauer 9mm pistol, said firearm having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 3

Possession of Firearms by a Felon
18 U.S.C. § 922(g)(1)

On or about March 2, 2022, in the Southern District of Indiana, the defendant, ZACKARY DOSS a/k/a Zachary Doss, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: felony Theft of a Firearm in Marion County, Indiana cause 49G24-1608-F6-029872 on or about April 20, 2017; did knowingly possess a firearm, that is, a Taurus revolver and/or a Armscor of the Philippines 1911 9mm pistol, said firearm having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 4

Possession or Sale of Stolen Firearm
18 U.S.C. § 922(j)

On or about March 5, 2022, in the Southern District of Indiana the defendant, KEVIN JONES JR., knowingly possessed and/or sold and/or received a stolen firearm, that is, a Taurus .38 revolver and/or a Rock Island 10 mm pistol, which had been shipped and transported in

interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Section 922(j).

## COUNT 5

Possession of Stolen Firearm
18 U.S.C. § 922(j)

On or about April 19, 2023, in the Southern District of Indiana the defendant, RYAN HURT, knowingly possessed a stolen firearm, that is, a Kahr Arms Auto Ordnance 1911 .45 caliber pistol and/or a Heritage Manufacturing Inc. .22 caliber revolver, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Section 922(j).

## COUNT 6

Possession of Firearms by a Felon
18 U.S.C. § 922(g)(1)

On or about April 19, 2023, in the Southern District of Indiana, the defendant, BRUCE A. WILLIAMS, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

   a. Felony Criminal Recklessness in Marion County, Indiana, cause 49G20-1308-FD-052063, on or about July 7, 2014; and/or

   b. Felony Dealing in a Narcotic Drug in Marion County, Indiana, cause 49G21-1509-F2-032321, on or about July 19, 2018; and/or

   c. Felony Resisting Law Enforcement in Marion County, Indiana, cause 49G21-1701-F5-003234, on or about July 19, 2018;

did knowingly possess a firearm, that is, a FN, model SCAR, 7.62x51 mm semi-automatic rifle; and/or a Rock Island (Armscor of the Philippines), model 1911, .45 caliber semi-automatic handgun; and/or a Glock, model 45, 9mm Luger handgun; said firearm having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Section922(g)(1).

### COUNT 7

Possession of Firearms by a Felon
18 U.S.C. § 922(g)(1)

On or about March 4, 2022, in the Southern District of Indiana, the defendant, ANTONIO GRANT, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Felony Carrying a Handgun Without a License in Marion County, Indiana, cause 49G21-1703-F5-008410, on or about September 6, 2017; did knowingly possess a firearm, that is, a Rock Island 1911 pistol, said firearm having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT 8

Possession of Firearms by a Felon
18 U.S.C. § 922(g)(1)

On or about March 4, 2022, in the Southern District of Indiana, the defendant, DOMINIQUE ELLISON, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

    a. Felony Unlawful Possession of a Firearm by a Serious Violent Felon in Marion County, Indiana, cause 49G20-1603-F4-011813, on or about August 30, 2016; and/or

    b. Felony Burglary in Marion County, Indiana, cause 49G03-1008-FB-060980, on or about November 19, 2010; and/or

    c. Felony Auto Theft in Marion County, Indiana, cause 49F15-0707-FD-146978, on or about September 23, 2007;

did knowingly possess a firearm, that is, a Rock Island pistol, said firearm having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE

1. The allegations contained in Count 1 of this Third Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of a conspiracy to violate section 18 U.S.C. § 922(j), in violation of Title 18, United States Code, Section 371, the defendants, BRUCE A. WILLIAMS, ZACKARY DOSS, KEVIN JONES, JR., RYAN HURT, ANTONIO GRANT, and MALYK MENDEZ shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation(s).

3. The allegations contained in Counts 2, 3, 4 5, 6, 7, and 8 of this Third Superseding

Indictment hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

4. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and 922(j) set forth in Counts 2, 3, 4, 5, 6, 7, and 8 of this Third Superseding Indictment, the defendant, BRUCE A. WILLIAMS, ZACKARY DOSS, KEVIN JONES, JR., RYAN HURT, ANTONIO GRANT, DOMINIQUE ELLISON, and MALYK MENDEZ shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense.

5. The property subject to forfeiture includes, but is not necessarily limited to, the following:

   a. One Kahr Arms Auto Ordnance 1911 .45 caliber pistol bearing serial number AOA57544;

   b. One Heritage Manufacturing Inc. .22 caliber revolver 3HB011376;

   c. One FN, model SCAR, 7.62x51 mm semi-automatic rifle bearing serial number PR24609;

   d. One Rock Island (Armscor of the Philippines), model 1911, .45 caliber semi-automatic handgun bearing serial number RIA2484839;

   e. One Glock, model 45, 9mm Luger handgun bearing serial number BSZY478;

   f. FN 509 9mm pistol;

   g. One Glock 19 Pistol CAL:9 SN:BGYH096.

6. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

███ BILL:

███

FOREPERSON

ZACHARY A. MYERS
United States Attorney

By: _____
Pamela S. Domash
Assistant United States Attorney
MPB